**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Francisco Lewis,<br><br>Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>Respondents. | No. CV-17-01982-PHX-DJH (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Petitioner James Francisco Lewis has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.   SUMMARY OF CONCLUSION.**

Petitioner raises two grounds for relief in his timely Petition. Petitioner's Fourth Amendment claims in Ground One are waived as a result of his guilty pleas. The claims are also not cognizable on habeas review. Petitioner's claims in ground two allege ineffective assistance of counsel, which are unexhausted and procedurally defaulted. Petitioner did not show excuse from procedural default. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

/

/

## II. BACKGROUND.

### a. Facts of the Crimes.

The Presentence Report includes a summary of the underlying facts of Petitioner's crimes[1]:

> On August 1, 2015, Phoenix police officer B. Miller observed [Petitioner] driving on the I-17 freeway traveling at the speed of thirty-five miles per hour in a posted sixty-five miles per hour area and swerving back and forth over two lanes. . . .
>
> . . . Officer Miller noticed an odor acidic [sic] believed to be PCP. He also observed ashes on [Petitioner's] chest and pants and noticed [Petitioner's] speech was slurred and slow to react. After backup units arrived, [Petitioner] was asked to exit the vehicle for further investigation. [Petitioner] exited the vehicle extremely slow [sic] and used the vehicle for balance. Officer Miller immediately conducted a search on [Petitioner] and located [a] pill bottle in the front left pants pocket, which later tested positive for a small amount of methamphetamine . . . and several oxycodone pills. [Petitioner] was then given multiple field sobriety tests which he failed. . . . In order to determine whether the defendant was under mind altering drugs or alcohol he was asked to submit to a portable breathalyzer test, which resulted in a 0.00 alcohol concentration.
>
> While Officer Miller was questioning [Petitioner], Officer Mullen asked the passengers to exit the vehicle so he could begin searching it. . . Officer Mullen confiscated the cigarettes, [which] were later tested and found to be positive for PCP. . .

(Doc. 13-1, Ex. K, at 1-2.) Testing revealed Petitioner was "under the influence of dis[so]ciative anesthetics and [Central Nervous System] stimulants." (Doc. 13-1, Ex. A, at 4-5.) Petitioner also "had in [his] possession a small quantity of meth." (*Id.*)

### b. Settlement Conference.

On August 10, 2015, Petitioner was indicted on six counts. (Doc. 13-1, Ex. B, at 12-14.) On September 24, 2015, the prosecution filed an allegation that Petitioner had five prior felony convictions. (Doc. 13-1, Ex. D, at 19-21.)

On February 9, 2016, Petitioner filed a motion to change counsel. (Doc. 1-1, at 30.) Petitioner alleged his attorney failed to argue Fourth Amendment and Arizona Rules of Criminal Procedure violations. (Doc. 1-1 at 32-35.) He also alleged he had "only

---

[1] In Arizona, the factual basis for a guilty plea "may be ascertained from the record including presentence reports, preliminary hearing reports, admissions of the defendant, and from other sources." *State v. Varela*, 587 P.2d 1173, 1175 (1978).

talked to [his attorney] two times within the 6 months of him being on [Petitioner's] case." (*Id*. at 3-4.)

On February 12, 2016, in the morning, a settlement conference was held that concluded with the Petitioner agreeing to a plea offer. (Doc. 13-1, Ex. X, at 101.) During the conference, defense counsel told the court that Petitioner "does have some issues that he would like to address with respect to constitutionality issues regarding, let's say for instance, stops, searches, things of that nature." (Doc. 13-1, Ex. X, at 114.) Petitioner questioned why the police officer did not immediately pull him over after observing Petitioner driving 35 miles per hour in a 65 mile-per-hour zone (*id*. at 116) and "swerving" in the roadway (*id*. at 121). Petitioner questioned the legality of the searches of his person and vehicle. (*Id*. at 124-127.) The prosecution advised the plea offer would be available for one additional week. (*Id*. at 132.) Petitioner immediately advised that he was willing to enter a plea that day. (*Id*. at 133.) The Petitioner stated:

> That's what I -- that's what I was aiming for. You know, I -- I don't want you to get it wrong or -- or -- or your, Your Honor. I've been trying to take responsibility and make a change in my life, I've been trying to take classes, I've got the proof for that, to show you. And if I could be frank and candid all at the same time, I don't believe that I was arrested, I believe that I was rescued, you know? That would have been my first experience with methamphetamine and I think that it would have been a bad outcome, honestly.

(Doc. 13-1, Ex. X, at 133.) The court set the change of plea proceeding for the afternoon. (*Id*. at 36.)

**c.     Plea and Sentencing.**

On February 12, 2016, in the afternoon, Petitioner returned to court to plead guilty pursuant to a plea agreement. (Doc. 13-1, Ex. Y, at 139.) Petitioner entered a plea agreement whereby Petitioner agreed to plead guilty to misdemeanor DUI (Count 3) and Possession of Dangerous Drugs, a class 4 felony (amended Count 4) with one prior felony conviction. (Doc. 13-1, Ex. J, at 38-40.) The prosecution agreed to dismiss the remaining counts and allegation of additional prior felony convictions. (*Id*. at 39.)

On March 23, 2016, Petitioner was sentenced to three years of imprisonment for Count 4, and 30 months of probation for Count 3. (Doc. 13, Ex. N, at 64-65.) At the

sentencing hearing, Petitioner said

> Your Honor, on the night of August 1st, 2015, he was – when I was pulled over by the Phoenix Police Department, I just wanted them to make note that a lot of the stories in that report [are] definitely fabricated. But, nevertheless, nevertheless, I do realize that I have broke[n] the law.

(Doc. 13-1, Ex. Z. at 175.) "Nevertheless, as far as it goes, I'm truly very remorseful for breaking the law. Rather it was a dime or a hundred dollars' worth methamphetamine, still against the law and I acknowledge that." (*Id*. at 176-177.)

### d. Post-Conviction Relief Proceedings.

On June 6, 2016, Petitioner filed a Notice of Post-Conviction Relief, claiming ineffective assistance of counsel. (Doc. 13-1, Ex. O, at 72.) On November 28, 2016, Petitioner's counsel filed a Notice of Completion of Post-Conviction Review stating that "counsel is unable to find any claims for relief to raise in post-conviction relief proceedings" and requesting an extension of time for Petitioner to file a pro se Rule 32 petition. (Doc. 13-1, Ex. R, at 82.) On November 30, 2016, the court set January 13, 2017 as the deadline for Petitioner to file his Rule 32 petition. (Doc. 13-1, Ex. S, at 87.)

On January 17, 2017, Petitioner filed with the state court a request for counsel for Post-Conviction Relief proceedings. (Doc. 13-1, Ex. U, at 92.) Petitioner argued he could not afford an attorney, and that there were grounds for a petition for Post-Conviction Relief yet he required the assistance of counsel. (*Id*.) Petitioner's request was denied and the time to file a "pro per petition" was extended to February 27, 2017. (Doc. 13-1, Ex. V, at 97.) On March 31, 2017, the court dismissed the Post-Conviction Relief proceedings because "[t]he due date has passed and the [Petitioner] has not filed a petition and has not secured any additional extensions from the Court." (Doc. 13-1, Ex. W, at 99.)

### e. Habeas Petition.

On June 22, 2017, Petitioner filed a Writ of Habeas Corpus in this Court. (Doc. 1.) "Petitioner raises two grounds for relief. In Ground One, he alleges that his Fourth Amendment rights were violated. In Ground Two, Petitioner alleges that he received ineffective assistance of counsel in violation of Sixth Amendment rights." (Doc. 5 at 2.)

On November 6, 2017, Respondent filed a Limited Answer to the Petition. (Doc. 13.) On December 21, 2017, Petitioner filed a Reply. (Doc. 18.)

### III. THE PETITION.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § § 2241 (c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. The Petition is timely.

### IV. DISCUSSION.

#### a. Ground One Claims.

Ground One asserts a violation of Petitioner's rights related to his traffic stop, and at the securing of a warrant for Petitioner's blood. (Doc. 1 at 4.) Petitioner claims that the arresting officer: (1) observed Petitioner driving at 35 mph in a 65 mph zone, swerving across two lanes, and causing a dangerous traffic slow down but did not attempt to stop the car until about two miles later, (*id*.); (2) ordered Petitioner to step out of the car, conducted a pat down for weapons, and pulled out a pill bottle and looked inside it without first obtaining a warrant, (*id*. at 4-5); and (3) conducted a breathalyzer test that resulted in no trace of alcohol, and then ordered Petitioner to do a field sobriety test (*id*. at 5).

##### i. Waiver of claims pursuant to guilty plea.

Petitioner waived his right to bring the Ground One claims when he pleaded guilty. (Doc. 13-1, Ex. Y, at 20.) An unconditional guilty plea "cures all antecedent constitutional defects." *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "He may only attack the voluntary and intelligent character of the guilty plea." *Id*.

Here, the trial court found that "[Petitioner's] plea is knowingly, intelligently, and voluntarily made." (Doc. 13-1, Ex. Y, at 162.) Petitioner does not argue otherwise, and Petitioner's plea colloquy reflects knowing, intelligent, and voluntary guilty pleas. (*Id.* at 142-163.) Petitioner's Ground One claims are waived. *See United States v. Caperell*, 938 F.2d 975, 977 (9th Cir. 1991) (a guilty plea generally waives all claims of a constitutional nature occurring before the plea); *Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on the evidence that may have been improperly seized."); *Ortberg v. Moody*, 961 F.2d 135, 136–38 (9th Cir. 1992) (petitioner's guilty plea barred habeas consideration of claims, which included claim of an unlawful search).

### ii. Petitioner's claims are not cognizable.

Petitioner's Ground One claims are also not cognizable. A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court. Under *Stone v. Powell*, 428 U.S. 465, 481 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief will not lie for a claim that evidence recovered through an illegal search or seizure, even if that evidence was introduced at trial.

Here, Petitioner had the opportunity to litigate his Fourth Amendment issues, both in the trial court and on post-conviction review. (Doc. 13-1, Ex. X, at 133 (settlement conference at which Petitioner agreed to take the plea bargain); Ex. P, at 76-77 (Initiation of Rule 32 Proceeding Following a Plea).) Petitioner did not litigate his claims in the trial court, and instead pleaded guilty. The State dismissed Counts 1, 2, 5, and 6, and the allegation of Petitioner's prior felony convictions (Doc. 13, Ex. N, at 68), and Petitioner's plea offered him the opportunity of a probation sentence for Count 3 (Doc. 13, Ex. J, at 38). Petitioner received a three-year sentence of imprisonment for Count 4, and for Count 3 a 30-month consecutive sentence of probation. (Doc. 13, Ex. N, at 64-66.)

Petitioner did not contest his sentence in post-conviction review because Petitioner did not file a PCR petition after his request for a second PCR counsel was denied. (Doc. 13, Ex. W., at 99.) Petitioner had an opportunity for a full and fair litigation of his Fourth Amendment claim. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did, in fact, do so, or even whether the claim was correctly decided.") (citations omitted).

Petitioner's claims in Ground One are not cognizable on habeas review.

### b. Ground Two Claims.

Ground Two asserts ineffective assistance of counsel leading up to the plea agreement. (Doc. 1 at 7.) For the reasons explained below, Petitioner's Ground Two claims are unexhausted and procedurally defaulted. Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper

factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 U.S. at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53, 59 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A procedurally defaulted claim may not be barred from federal review, however, "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims

will result in a fundamental miscarriage of justice.'" *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501 U.S. at 732). *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook*, 538 F.3d at 1028 n.13.

Lastly, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

      **i.     Petitioner's claims are unexhausted and procedurally defaulted.**

Petitioner's Ground Two claims are unexhausted and procedurally defaulted because Petitioner failed to file a petition in his post-conviction relief proceedings. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quotation omitted). Here, Petitioner did not file a petition in his

post-conviction relief proceedings, and there is nothing in the record indicating that Petitioner filed an appeal with the state court of appeals. "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Petitioner's Ground Two claims are unexhausted.

Petitioner's Ground Two claims are procedurally defaulted because his claims are now barred from review. *See Beaty*, 303 F.3d at 987 ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman,* 501 U.S. at 735 n.1). Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from returning to state court. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Petitioner's claims are procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas.").

### ii. Petitioner did not show cause and prejudice.

Petitioner fails to excuse the procedural default by a showing of cause and prejudice. Pursuant to the "cause and prejudice" test, a petitioner must point to some cause external to the defense that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a

claim's factual basis." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.*

Petitioner does not allege that an objective factor impeded his efforts to comply with the state's procedural rules. In his Reply, Petitioner argues that "Petitioner did in fact exhaust appellate court through an ineffective counsel" because Petitioner was denied a second counsel in his PCR proceedings. (Doc. 18 at 37-38.) However, Plaintiff did not file a *pro se* petition in his PCR proceedings. (*See* Doc. 1 at 11, alleging that "because of [Petitioner's] incompetence [he] missed the deadline and was disqualified to pursue post-conviction relief.") Petitioner's *pro se* status, limited legal resources, and ignorance of the law do not constitute objective factors external to the defense that impeded compliance with the state's procedural rule. *See, e.g., Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that petitioner's illiteracy and lack of legal assistance "although unfortunate, are nevertheless insufficient to meet the cause standard"); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (finding petitioner's "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default").

Petitioner also fails to establish prejudice because his attorneys did not provide ineffective assistance. Ineffective assistance of counsel is measured by the test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel must have performed deficiently, and this performance must have prejudiced the defendant. *Id*. Petitioner has not established a reasonable probability that motions based on his alleged Fourth Amendment violations would have succeeded. For the reasons explained in Section IV (b)(iii), there is no evidence that Petitioner would have decided to proceed to trial on the basis of futile motions, he cannot establish prejudice arising from counsel's failure to make those motions.

- 11 -

### iii. Petitioner's claims do not fall under *Martinez* because his claims are not "substantial" or his attorney was not ineffective.

Under *Martinez v. Ryan*, 566 U.S. 1 (2012), ineffectiveness of PCR counsel can provide cause to excuse a procedural default. For Petitioner to rely upon *Martinez*, Petitioner must "demonstrate[e] two things: (1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland* . . . ,' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 566 U.S. at 14). A claim is substantial "when [petitioner] demonstrates that his petition involves issues which are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003). For the following reasons, Petitioner has not shown that his PCR attorney was ineffective or that his claims are substantial.

#### 1. Petitioner's claim of untimely prosecution is not substantial.

Petitioner claims his trial attorney should have sought dismissal of the charges because no complaint was filed within 48 hours of Petitioner's initial appearance. (Doc. 1 at 7.) However, Petitioner's factual account is incorrect. Plaintiff's initial appearance was on August 2, 2015, (doc. 1-1 at 11); and a Direct Complaint was filed against him on August 4, 2015 (doc. 13-1, Ex. A, at 1). Therefore, the record does not support Petitioner's allegations and thus the claim is not substantial.

#### 2. Petitioner's PCR attorney was not ineffective for not seeking suppression of evidence.

Petitioner claims his trial attorney should have moved for suppression of evidence. (Doc. 1 at 7, 9.) Petitioner's PCR attorney was not ineffective because those motions would have been futile, as explained by the state judge at the settlement hearing. The

judge told Petitioner that swerving and driving 30 miles per hour in a 65 mile per hour zone would provide reasonable suspicion for a police officer to conduct a traffic stop. (Doc. 13-1, Ex. X, at 115-116.) The judge told Petitioner that officers are permitted to observe a person's driving for several minutes prior to conducting a traffic stop. (*Id.* at 117-122.) The court told Petitioner that a search incident to arrest would have uncovered evidence in Petitioner's pocket, which would have made a motion to suppress the evidence unlikely to succeed. (*Id.* at 126-127.) Petitioner presents his conclusory argument that counsel failed to file suppression motions; but he fails to demonstrate that those motions would have prevailed. Petitioner fails to establish that his PCR attorney was ineffective.

### 3. Petitioner's PCR attorney was not ineffective for not investigating.

Petitioner argues that his trial attorney did not investigate Petitioner's allegations of being profiled and subjected to a pretextual traffic stop. (Doc. 1 at 4, 6.) "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 690–91. The record contains no evidence that Petitioner's trial attorney conducted the investigation requested by Petitioner. Therefore, his decision not to investigate had to be reasonable. *Id.* At the settlement conference of February 12, 2015, the court explained that even if the Petitioner could prove that the officer had profiled him, a motion to suppress would probably be denied because the prosecution could prove that the officer had a valid reason for stopping Petitioner. (Doc. 13-1, Ex. X, at 115-116.)[2] Because the motion to suppress was futile, *Premo*, 562 U.S. at 123-24, further investigation was

---

[2] *See also United States v. Ibarra*, 345 F.3d 711, 713-14 (9th Cir. 2003) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)) (finding traffic stop based on reasonable suspicion of traffic violation as pretext to investigate driver's suspected drug activity did not render stop unreasonable).

unnecessary. Because counsel's decision not to investigate was not unreasonable, counsel was not ineffective.

### 4. Petitioner's claim of insufficient communication is not substantial.

Petitioner claims that his trial attorney never visited him in jail to discuss the case, and only spoke with Petitioner twice. (Doc. 1 at 9.) Since Petitioner's conclusory, unsupported allegations do not show "what purpose additional consultation . . . would have served[,]" he has not shown that the amount of time his trial counsel met with him was constitutionally inadequate. *United States v. Lucas*, 873 F.2d 1279, 1280 (9th Cir. 1989) (per curiam); *Chavez v. Pulley*, 623 F. Supp. 672, 685 (E.D. Cal. 1985) ("brevity of consultation time between a defendant and his counsel alone cannot support a claim of ineffective assistance of counsel," especially where the defendant "fails to allege what purpose further consultation with his attorney would have served and fails to demonstrate how further consultation with his attorney would have produced a different result"). Consequently, Petitioner's claim is not substantial.

### 5. Petitioner's claim of certain improprieties is not substantial.

Petitioner claims that his trial attorney "conspired with the prosecution to convict the Petitioner forcing Petitioner to sign a plea bargain," and threatened Petitioner with 24 years in prison unless he signed a plea agreement. (Doc. 1 at 9.) Petitioner's allegations are contrary to the statements Petitioner made at the change of plea hearing of September 12, 2015. (Doc. 13-1, Ex. Y., at 9-10.) Other than Petitioner's own self-serving statements, there is no evidence that Petitioner's defense counsel conspired or threatened the Petitioner to sign the plea agreement. *See Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (quoting *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.1987) ("Solemn declarations in open court carry a strong presumption of verity.")) (citing *United States v. Rivera-Ramirez*, 715 F.2d 453, 458 (9th Cir.1983) (allowing the court to credit defendant's sworn statements at his plea hearing over subsequent contradictory

assertions)). Therefore, Petitioner's claim is not substantial.

### iv. Petitioner does not show that his conviction is a fundamental miscarriage of justice.

Petitioner fails to "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Here, Petitioner's guilty plea would minify a claim of actual innocence. *See Chestang v. Sisto*, 522 Fed. Appx. 389, 390 (9th Cir. 2013) (finding petitioner's guilty plea "seriously undermine[d]" a claim of actual innocence). The evidence against Petitioner is also overwhelming since Petitioner was "under the influence of dis[so]ciative anesthetics and [Central Nervous System] stimulants," and "[had] in [his] possession a small quantity of meth." (Doc. 13-1, Ex. A, at 4-5.) To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. Petitioner presents no argument or evidence that he is actually innocent of the offenses.

### v. *United States v. Couto*.

Finally, Petitioner incorrectly argues that his case resembles *United States v. Couto*, 311 F.3d 179 (2d Cir. 2002), abrogated by *Padilla v. Kentucky*, 559 U.S. 356 (2010). In *Couto*, the petitioner claimed her attorney was ineffective because her attorney incorrectly advised the petitioner on how pleading guilty would cause her to be deported. *Id.* at 183. *Couto* is distinguishable because here, Petitioner did not receive incorrect advice on immigration, and does not point to any incorrect advice by his trial attorney.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are timely, but his claims on Ground One are waived and his claims in Ground Two are procedurally defaulted. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 6th day of March, 2018.

Honorable John Z. Boyle
United States Magistrate Judge